[No. 2080. Decided February 25, 1896.]

A. F. BUNKER, *Appellant.*, v. SAMUEL BLAIR, *Respondent.*

### ACTION FOR SERVICES — SUFFICIENCY OF EVIDENCE.

In an action to recover for labor performed by the plaintiff for defendant, a non-suit is proper, when the evidence shows that the labor was performed at the request of other parties than the defendant, although the work may have resulted in a benefit to the latter.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge. Affirmed.

*J. E. Lilly,* for appellant.

*Struve, Allen, Hughes & McMicken,* for respondent.

The opinion of the court was delivered by

HOYT, C. J.—Plaintiff brought this action to recover an amount alleged to be due for labor performed for the defendant at his request. Upon the close of his testimony the court granted a motion for a non-suit, and upon its action in so doing is founded plaintiff's claim for reversal.

It is well settled that the granting of a non-suit by a trial court at the conclusion of plaintiff's case will justify a reversal of the judgment, if at the time such motion is granted there had been evidence introduced tending to establish all the facts which were required to be shown to authorize a recovery. It follows that if there was any proof tending to show that plaintiff had performed the services, at the request of the defendant, the motion for non-suit should not have been granted, for there was no dispute as to the fact that the services had been rendered for some one, the only dispute being as to the person for whom such services had been rendered.

The proofs offered by the plaintiff were so volumi-
nous that they cannot be set out in this opinion, and
unless they are, little good will be accomplished by
any attempt to give the reasons for the conclusion to
which we have come. We have examined all of the
evidence and are unable to find anything in it which
tended to show that the defendant had any such rela-.
tion to the plaintiff in regard to the services rendered
as to make him liable to him therefor. The evidence
upon this question consisted almost entirely of letters
which had passed between the parties during an ex-
tended correspondence, and we find nothing therein
which tended to sustain the claim of the plaintiff.
This correspondence continued until months after the
services in question had been rendered, and the plain-
tiff at no time during its continuance made any claim
that the defendant was liable for the services, and
often wrote him for the sole purpose of having him
use his good offices in aiding plaintiff to get his pay
of other parties.

There was only one letter in the entire series which
furnished the least foundation for claiming that the
services were rendered for the defendant. This letter
was from the defendant to plaintiff, who at the time
it was received was in charge of the mine, in connec-
tion with which the services were rendered, in behalf
of other parties than the defendant. This fact was
affirmatively shown by statements in many of the
letters from plaintiff to the defendant. In that letter
there was a statement by the defendant referring to a
portion of the services for which this action was
brought, that if certain other parties did not.pay for
them he would have to; and if the correspondence
had ended there, and the plaintiff's relations with
parties other than the defendant, interested in the

mine, had then ceased, there might have been some ground for claiming that there was a promise on the part of the defendant to pay for the services. But the subsequent correspondence showed clearly that the plaintiff did not act upon the statement in this letter from the defendant. It affirmatively appeared from such correspondence that long after this the plaintiff was maintaining the same relations with the parties who placed him in charge of the mine as he did before, and that both he and the defendant understood that the statement of the plaintiff, that he should have to pay for the work done upon the mine, was upon the theory that the mine itself would be responsible for the work and that the defendant, having an interest therein as mortgagee, would eventually have to pay in order to enjoy his property in the mine. The correspondence, taken as an entirety, not only had no tendency to show that the defendant was liable for the services, but on the contrary, showed affirmatively that there was no such liability.

The motion for non-suit was properly granted, and the judgment entered thereon will be affirmed.

SCOTT, DUNBAR, ANDERS and GORDON, JJ., concur.