[No. 2573.  Decided December 21, 1897.]

MONROE RUSSELL, *Appellant*, v. SAMUEL BLAIR, *Re-
spondent*.

RES JUDICATA — ESTOPPEL TO MAINTAIN ACTION ON ONE THEORY AFTER
DEFEAT ON ANOTHER.

Where a plaintiff has been non-suited in an action against
defendant brought on the theory that the latter was liable as an
employer, he is estopped from bringing a subsequent action
against the same defendant on the theory that he was liable as
a guarantor, when plaintiff in the first action expressly admitted
that defendant could not be liable in the latter capacity.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Affirmed.

*J. E. Lilly*, for appellant.

*Struve, Allen, Hughes & McMicken*, for respondent.

The opinion of the court was delivered by

GORDON, J.—Plaintiff brought this action to recover the
value of services performed by himself, and by A. F.

Bunker, E. W. Bunker, A. E. Livingston, and Alfred Bogue, upon a coal mine, in King county.

The right to recover is based upon certain correspondence between A. F. Bunker, one of the plaintiff's assignors, who was superintendent of the mine, and the defendant. The correspondence is very voluminous. It was made a part of the complaint in the action and set out in full therein. It was before this court in the case of *Bunker v. Blair*, 14 Wash. 106 (44 Pac. 122), the plaintiff in that action being one of plaintiff's assignors in this, and the defendant therein being the respondent here.

The lower court sustained a demurrer to the complaint, and this appeal is from that order and the judgment of dismissal which followed. Appellant seeks to distinguish the present case from *Bunker v. Blair, supra,* contending that the former action was on the theory, that the defendant was liable as an employer, and that in this action plaintiff seeks to charge him as a guarantor. We think no such distinction can be recognized.

*Blair, supra,* we quote the following:

" We admit that if there was a guarantee, the action should be brought on that, but we do not consider that the defendant ever did guarantee the payment of the wages," etc.

But, aside from this, the decision in the former case was upon the merits, the evidence was fully considered by us and we concluded that it was insufficient to establish any liability upon the part of the defendant.

For the reasons there given it follows that the demurrer was properly sustained and the judgment appealed from must be affirmed.

SCOTT, C. J., and DUNBAR, ANDERS and REAVIS, JJ., concur.